WILLIAM GERHOLD, PLAINTIFF IN ERROR, V. JOSEPHINE
WYSS, DEFENDANT IN ERROR.

**Marriage:** FORMAL BUT VOID: COHABITATION: SUPPORT. A
man formally married to a woman, who, because of her insanity,
which he discovered very soon afterwards, was incapable of
entering into the marriage contract, and continuing thereafter
voluntarily to cohabit with her as his wife, is under a legal ob-
ligation to support her. And having furnished such support, he
cannot, upon a decree of separation on the ground of the inval-
idity of the marriage, make the same a charge against her
separate estate.

ERROR to the district court for Platte county. Tried
below before POST, J.

*John G. Higgins* and *Whitmoyer, Gerrard & Post,* for
plaintiff in error.

*Byron Millett,* for defendant in error.

LAKE, CH. J.

The question to be decided in this case is simply whether
the plaintiff is entitled to compensation out of the defend-
ant's estate for his support of her while they cohabited as
husband and wife.

Upon the issue as to cohabitation after the plaintiff had
discovered that the defendant was insane, and therefore
unable to enter into a marriage contract, the referee
made no finding; therefore, that they did so cohabit will be
presumed. The plaintiff learned of the defendant's in-
sanity within a very few days after they were formally
married, which was "in September or October, 1867," yet
he voluntarily continued the cohabitation, for aught that
appears, up to the very time of the decree of separation
in September, 1881.

Under such circumstances the plaintiff surely stands in

no more favorable·attitude than he would if he had lived with her ostensibly as his wife, without the performance of any marriage ceremony at all. And it seems to be an established rule that if a man live with a woman, holding her out as his wife, he renders·himself liable for necessaries furnished her by others upon the strength of her conjugal rights. 3 Wait's Actions and Defenses, 649, and cases there cited.

We are of opinion that upon the solemnization of the marriage between these parties in 1867, the relation of husband and wife *prima facie* was established and that, as to the plaintiff, so long as he voluntarily continued this relation, he thereby subjected himself to the attendant obligation of providing the defendant with a suitable support, and having furnished such support he cannot, upon a decree of separation, make the same a charge upon her separate estate. We find nothing in the record that calls for correction, and the judgment must be affirmed.

JUDGMENT AFFIRMED.